ARNOLD G. BOWIE, Appellant, v. ALBERT WIELICH and Another, Defendants; PREMIER MALT PRODUCTS COMPANY and Others, Respondents.— Appeal by plaintiff from order setting aside service of summons on the defendants Premier Pabst Corporation, Premier Malt Products Company, Premier Pabst Sales Company, Premier Malt Sales Company, Eastern Malt Sales Corporation and Premier Malt Sales Corporation. The service was made upon a managing agent within the State. Order reversed on the law and facts as to the defendant, respondent, Premier Pabst Corporation, and motion denied as to that corporation. Order as to all of the other defendant-respondents affirmed, without costs. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.

ELIZABETH McGILL REMILLARD, as Sole Administratrix, etc., of CONRAD REMILLARD, Deceased, Appellant, v. HOMER BROTHERS, Respondent. — On a former appeal (243 App. Div. 829) this court reversed a judgment of no cause of action in defendant's favor and directed a new trial. The cause has been retried and the second jury has now found a verdict in defendant's favor. There is not the slightest probability that another trial would change the result. Plaintiff's intestate was a guest passenger in an automobile operated between Rouses Point and Plattsburg. At about eleven o'clock at night the car was stopped on the State highway to permit the occupants of the car to alight if they so desired for their personal convenience. Decedent did leave the car. There is evidence on which the jury might have based a finding that while so stopped the lights of the car were turned off. Defendant, operating his car, crashed into the parked car, asserting that he was unable to see it because of the lights of an approaching car. Plaintiff's intestate was found lying in front of the right front wheel of the parked car. He suffered a fractured skull from which he died. Judgment and order unanimously affirmed, without costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

WALTER RICHARDS, Appellant, v. TOWN OF STILLWATER, Respondent, and Others, Defendants.— Appeal by plaintiff from judgment dismissing complaint upon the merits as to the defendant, town of Stillwater, granted at the trial upon the pleadings and the plaintiff's opening. The complaint and opening showed that plaintiff was receiving relief from the defendant town and then obtained employment on a work relief project conducted by the Temporary Emergency Relief Administration set up by the county. A truck owned and operated by the town carried him to and from work and while riding in this truck he was injured. Counsel in the opening stated that plaintiff was not employed by the town and that the injuries did not arise out of and in the course of the employment. Plaintiff had filed an election to sue the town as a third party. The trial court held that plaintiff's exclusive remedy was under section 16-a of the Temporary Emergency Relief Administration Law, being chapter 798 of the Laws of 1931, as amended by chapter 303 of the Laws of 1934. Judgment reversed on the law and new trial granted, with costs to the appellant against the respondent, town of Stillwater, to abide the event. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.